UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FREEPLAY MUSIC, LLC,<br><br>　　　　　　　Plaintiff,<br><br>　-against-<br><br>ST. FRANCIS UNIVERSITY,<br><br>　　　　　　　Defendant. | Civil Action No.:<br><br>**COMPLAINT AND**<br>**JURY DEMAND** |

Plaintiff Freeplay Music, LLC ("FPM"), through its undersigned attorneys Abrams Fensterman, LLP, complains of Defendant, St. Francis University ("Defendant" or "St. Francis") as follows:

## NATURE OF THE ACTION

1.　By this complaint, FPM, a music publisher that has invested and risked money, time, and energy to develop its catalogue of copyrights, seeks redress for Defendant's direct, intentional copyright infringement of FPM's copyrighted works. Defendant exploited, without authorization, thirty (30) of FPM's copyrighted songs in sixty nine (69) different videos by unauthorized reproduction, synchronizing, distribution and public performance by means of digital transmission of copyrighted musical compositions and sound recordings (the "Songs"). Defendant has benefited from these unauthorized uses of FPM's copyrighted sound recordings and copyrighted compositions. Despite being on notice of their infringement, the Defendant has refused to remedy their wrongdoing, leaving FPM no alternative but to bring this action.

## PARTIES

2.　FPM is a Delaware limited liability company, with a principal place of business in New York, New York.

3. Upon information and belief, St. Francis is private, not-for-profit university located in Loretto, Pennsylvania.

**JURISDICTION AND VENUE**

4. FPM's claims arise under the Copyright Act, 17 U.S.C. §§ 101 *et seq*. Subject matter jurisdiction over this action is conferred upon this Court by 28 U.S.C. §§ 1331 and 1338.

5. Venue is proper in this district under 28 U.S.C. §1391(b)(1) and (2) because Defendant conducts and continues to conduct a substantial and significant amount of business in this District, Defendant is subject to personal jurisdiction in this District, and a substantial portion of the conduct complained of herein occurred in this District.

6. The Court has personal jurisdiction over Defendant pursuant to New York Civil Practice Law and Rules ("CPLR") §§ 301 and 302(a)(1-3).

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

8. Upon information and belief, Defendant has continuously and systematically transacted business within the state of New York by, among other things, (i) supplying services to consumers in the form of students and prospective students who are residents of the state of New York; (ii) operating and maintaining an interactive website that allows for the transaction of business with students and purchasers of Defendant's services and branded goods and paraphernalia located therein; and (iii) advertising to and recruiting prospective students who are residents of the state of New York.

9. Upon information and belief, Defendant regularly does or solicits business, and engages in a persistent course of conduct, or derives substantial revenue from goods and services

rendered, in the State of New York; including but not limited to regularly conducting business over the Internet wherein goods and services are purchased by New York residents or provided in New York State.

10. Amendment and in accordance with New York's long-arm statute, N.Y. C.P.L.R. § 301.

11. Defendant regularly conducts business in New York by actively recruiting students in this District; employing New York-based admissions representatives; engaging in outreach efforts at high schools and college fairs throughout New York; maintaining articulation agreements and partnerships with New York educational institutions; soliciting donations from alumni and donors residing in New York; and maintaining a substantial base of enrolled students from New York State, including a significant number residing in this District.

12. Furthermore, Defendant maintains an online presence expressly targeting New York residents and derives significant tuition revenue from students domiciled in New York. Its ongoing business operations in New York are not sporadic or isolated, but are part of a deliberate and sustained effort to cultivate and maintain economic and educational ties to the state.

13. Based on these continuous and systematic affiliations with New York, Defendant is subject to general personal jurisdiction in this Court.

14. Upon information and belief, Defendant has committed a tortious act of copyright infringement within the State of New York causing injury to FPM, a resident and domiciliary of New York.

15. Defendant expects or should reasonably expect their acts of copyright infringement to have consequences in the State of New York and derives substantial revenue from interstate or international commerce.

16.     This Court has supplemental jurisdiction over any New York common law claims asserted herein under 28 USC §§ 1331, 1332 and 1338.

17.     Venue in this District is proper under 28 U.S.C. §§ 1391(b), (d), and 1400(a).

## **FPM AND ITS BUSINESS**

18.     In 2001, Scott Schreer, one of America's most prolific and performed TV composers and producers, launched FPM, a high-quality online music library. Schreer, whose credits include, among many others, the NFL on Fox theme, is also a contributing composer to FPM's catalogue.

19.     FPM makes its catalogue available on its website for users to synchronize with audiovisual works. To download and use music, a user must obtain a license from FPM that corresponds to the intended type of use by the user (i.e., personal, commercial, etc.). The cost of such license varies depending on the type of use.

20.     With over 300,000,000 impressions to its website as of 2013, FPM is one of the most widely trafficked production music libraries in the industry. Since August 2013, FPM has issued over 3.5 million licenses to the copyrighted music in its library.

21.     All use of FPM's music requires a license.

## **DEFENDANT ST. FRANCIS UNIVERSITY**

22.     Upon information and belief, Defendant St. Francis University is and was, at all relevant times herein, a private university with its main campus located in Loretto, Pennsylvania. Defendant operates the St. Francis University online retail store as well as the St. Francis University interactive website and advertises, markets, and operates in the State of New York and throughout the United States.

23. Upon information and belief, Defendant, St. Francis University, operates the St. Francis University online interactive Website and retail store across the United States. This online interactive Website and retail store constitutes a place of public accommodation because it is a college, place of exhibition, place of entertainment, service establishment and sales establishment. Defendant's interactive Website provides consumers with access to an array of goods and services including information about Defendant's: athletics sports teams, schedule of team games, roster of team participants, game statistics, team news, purchasing admission tickets for team sporting events, viewing videos of team sporting events, website terms and conditions, and the sale of online retail goods like college and team merchandise such as T-shirts, sweatshirts, hats and other apparel as well as other type of goods, and pricing, return, privacy and shipping terms. Defendant's interactive website advertises, markets and/or operates in the State of New York and across the United States.

24. Upon information and belief, St. Francis publishes promotional videos advertising its sporting events and business on various online platforms.

25. Upon information and belief, these promotional advertising videos include various songs being played throughout the duration of the videos.

## THE FPM COPYRIGHTS AT ISSUE AND DEFENDANT'S UNAUTHORIZED EXPLOITATION

26. FPM is the exclusive owner of the registered copyrights (the "FPM Copyrights") in and to the musical compositions and sound recordings (the "FPM's Copyrighted Music") set forth below:

    a.    "All My Chicks"    SR# 337-216

    b.    "City Scape"    SR# 374-911

    c.    "Cyber Dance"    SR# 335-537

5

d. "Downhill Blitz" SR# 335-537

e. "From The Heaven" SR# 335-548

f. "Funky Summer" SR# 335-614

g. "Geto Bound" SR# 337-216

h. "Halfpipe" SR# 336-918

i. "Hap Hop" SR# 335-614

j. "Heroes Salute" SR# 335-537

k. "Its On" SR# 374-911

l. "Mach 77" SR# 337-221

m. "Manhattan Avenue" SR# 335-614

n. "Maximus Hits" SR# 382-040

o. "Mean Machine" SR# 336-918

p. "Mo Beats" SR# 374-911

q. "Mod Hackers" SR# 411-915

r. "Moving Out" SR# 337-221

s. "Now" SR# 337-221

t. "Personal Demons" SR# 335-548

u. "Pulse" SR# 335-537

v. "Rocked Up" SR# 411-915

w. "Rough Rouge" SR# 337-144

x. "Slow Your Roll" SR# 374-911

y. "Surf Avenue" SR# 337-058

z. "That Hurts" SR# 336-918

      aa.    "The Path Less Traveled"    SR# 335-548

      bb.    "The Vanquished"    SR# 336-918

      cc.    "Up Side Down"    SR# 411-915

      dd.    "Weird Trip"    SR# 337-058

27. FPM and its predecessor in interest has always owned, maintained, and controlled the exclusive true and valid copyrights in the Copyrighted Music.

28. FPM has complied in all respects with the provisions of the Copyright Act, 17 U.S.C. et seq., has registered the Copyrighted Music with the United States Copyright Office, and was issued a Certificate of Registration for each work of Copyrighted Music. True and complete copies of the Certificate of Registration for each work of Copyrighted Music are collectively annexed hereto as **Exhibit "A"**.

29. All of the Copyrighted Music was published with a copyright notice.

30. Defendant has engaged in at least thirty (30) unauthorized uses of FPM's Copyrighted music.

    a.    Upon information and belief, FPM's copyrighted musical work "All My Chicks" was exploited on the www.YouTube.com website at least two (2) times.

    b.    Upon information and belief, FPM's copyrighted musical work "City Scape" was exploited on the www.YouTube.com website at least one (1) time.

    c.    Upon information and belief, FPM's copyrighted musical work "Cyber Dance" was exploited on the www.YouTube.com website at least six (6) times.

d. Upon information and belief, FPM's copyrighted musical work "Downhill Blitz" was exploited on the www.YouTube.com website at least one (1) time.

e. Upon information and belief, FPM's copyrighted musical work "From the Heaven" was exploited on the www.YouTube.com website at least four (4) times.

f. Upon information and belief, FPM's copyrighted musical work "Funky Summer" was exploited on the www.YouTube.com website at least one (1) time.

g. Upon information and belief, FPM's copyrighted musical work "Geto Bound" was exploited on the www.YouTube.com website at least one (1) time.

h. Upon information and belief, FPM's copyrighted musical work "Halfpipe" was exploited on the www.YouTube.com website at least one (1) time.

i. Upon information and belief, FPM's copyrighted musical work "Hap Hop" was exploited on the www.YouTube.com website at least one (1) time.

j. Upon information and belief, FPM's copyrighted musical work "Heroes Salute" was exploited on the www.YouTube.com website at least one (1) time.

k. Upon information and belief, FPM's copyrighted musical work "Its On" was exploited on the www.YouTube.com website at least one (1) time.

l.  Upon information and belief, FPM's copyrighted musical work "Mach 77" was exploited on the www.YouTube.com website at least two (2) times.

m.  Upon information and belief, FPM's copyrighted musical work "Manhattan Avenue" was exploited on the www.YouTube.com website at least two (2) times.

n.  Upon information and belief, FPM's copyrighted musical work "Maximus Hits" was exploited on the www.YouTube.com website at least one (1) time.

o.  Upon information and belief, FPM's copyrighted musical work "Mean Machine" was exploited on the www.YouTube.com website at least one (1) time.

p.  Upon information and belief, FPM's copyrighted musical work "Mo Beats" was exploited on the www.YouTube.com website at least one (1) time.

q.  Upon information and belief, FPM's copyrighted musical work "Mod Hackers" was exploited on the www.YouTube.com website at least one (1) time.

r.  Upon information and belief, FPM's copyrighted musical work "Moving Out" was exploited on the www.YouTube.com website at least three (3) times.

s.  Upon information and belief, FPM's copyrighted musical work "Now" was exploited on the www.YouTube.com website at least six (6) times.

t. Upon information and belief, FPM's copyrighted musical work "Personal Demons" was exploited on the www.YouTube.com website at least seven (7) times.

u. Upon information and belief, FPM's copyrighted musical work "Pulse" was exploited on the www.YouTube.com website at least one (1) time.

v. Upon information and belief, FPM's copyrighted musical work "Rocked Up" was exploited on the www.YouTube.com website at least one (1) time.

w. Upon information and belief, FPM's copyrighted musical work "Rough Rouge" was exploited on the www.YouTube.com website at least four (4) times.

x. Upon information and belief, FPM's copyrighted musical work "Slow Your Roll" was exploited on the www.YouTube.com website at least one (1) time.

y. Upon information and belief, FPM's copyrighted musical work "Surf Avenue" was exploited on the www.YouTube.com website at least five (5) times.

z. Upon information and belief, FPM's copyrighted musical work "That Hurts" was exploited on the www.YouTube.com website at least four (4) times.

aa. Upon information and belief, FPM's copyrighted musical work "The Path Less Traveled" was exploited on the www.YouTube.com website at least three (3) times.

      bb.    Upon information and belief, FPM's copyrighted musical work "The Vanquished" was exploited on the www.YouTube.com website at least one (1) time.

      cc.    Upon information and belief, FPM's copyrighted musical work "Up Side Down" was exploited on the www.YouTube.com website at least one (1) time.

      dd.    Upon information and belief, FPM's copyrighted musical work "Weird Trip" was exploited on the www.YouTube.com website at least four (4) time.

31. Upon information and belief, Defendant created, posted, or caused to be posted, the videos identified in the preceding paragraph on the website(s) identified in the preceding paragraph.

32. Defendant did not enter into a license agreement to exploit any of FPM's Copyrighted Music.

33. Upon information and belief, Defendant reproduced, synchronized, distributed, and publicly performed by means of digital transmission FPM's Copyrighted Music, through among other things, digital transmissions on the website set forth above.

34. Upon information and belief, at all relevant times, Defendant maintained editorial control for content that Defendant reproduced, synchronized, distributed, and publicly performed by means of digital transmission on the website set forth above.

## COUNT 1

## DIRECT COPYRIGHT INFRINGEMENT
(Against Defendant St. Francis University)

35. FPM incorporates the allegations set forth in paragraphs 1 through 29 hereof, inclusive, as though the same were set forth herein.

36. This cause of action arises under 17 U.S.C. § 501.

37. Each of the FPM Copyrights were registered with the United States Copyright Office either by FPM or its predecessor-in-interest. *See* **Exhibit "A".**

38. At all times relevant, FPM has owned FPM's Copyrighted Music and has been the only owner of the exclusive rights provided under 17 U.S.C. § 106.

39. Each of the musical works covered by the FPM Copyrights is an original work of authorship and constitutes copyrightable subject matter within the meaning of 17 U.S.C. § 102.

40. Defendant used FPM's Copyrighted Music in promotional videos without license or authorization to advertise, market, and/or promote their products and/or services.

41. Defendant infringed the LPM Infringed Works by selling, distributing, reproducing, synchronizing, publicly performing, making derivative works of, and otherwise exploiting the LPM Infringed Works without permission or authorization from Yellowcake.

42. For example, Defendant infringed the copyrighted song "All My Chicks" by (copyright registration number SR# 337-216) by copying, synchronizing and publicly performing the song on the www.youtube.com website. The Defendant also synchronized the song to an audiovisual work, thereby making an unauthorized derivative work in the form of a new music video. The Defendant then distributed the new music video incorporating an unauthorized copy of the song, by uploading it to its YouTube channel page. The Defendant then publicly performed

the video by making it available for viewing on YouTube where it was viewed by members of the public.

43. Defendant infringed each and every one of FPM's Copyrighted Music in the exact same manner described in the preceding paragraph.

44. FPM has never granted Defendant the right, or otherwise authorized Defendant, to exploit FPM's Copyrighted Music.

45. By reproducing, synchronizing, distributing, and publicly performing by means of digital transmission videos containing FPM's Copyrighted Music, the Defendant's acts violate FPM's exclusive rights under 17 U.S.C. §106.

46. Defendant had actual or constructive awareness that their unauthorized use of the Copyrighted Music constituted infringement of FPM's Copyrights. Alternatively, Defendant's act of infringement resulted from a reckless disregard for, or willful blindness to, FPM's rights.

47. Defendant's infringement of the FPM Copyrighted Music is and has been willful, intentional, purposeful, and/or in disregard of FPM's rights.

48. By reason of Defendant's continued willful infringement, FPM has sustained and will continue to sustain substantial injury, loss, and damage to its ownership rights in its Copyrighted Music.

49. By reason of Defendant's willful infringement, FPM has sustained irreparable harm that cannot be remedied by monetary damages alone.

50. FPM is entitled to an injunction restraining Defendant, their officers, directors, agents, employees, representatives, and all persons acting in concert with them, from further engaging in such acts of copyright infringement.

51.     Pursuant to 17 U.S.C.§ 504, FPM is further entitled to elect to recover from Defendant either its actual damages or up to $150,000.00 in statutory damages for each work infringed by Defendant.

52.     The total actual damages are not readably ascertainable but - based on the pervasive and willful nature of the infringement - are believed to be in excess of Four Million Five Hundred Thousand Dollars ($4,500,000).

53.     Pursuant to 17 U.S.C. § 505, FPM is further entitled to recover from Defendant the reasonable attorneys' fees and legal costs incurred as a result of Defendant's acts of copyright infringement.

### PRAYER FOR RELIEF

**WHEREFORE**, FPM respectfully prays for judgment against Defendant as follows:

1.      Enter judgment that Defendant has infringed the copyrights in and to FPM's Copyrighted Music pursuant to the U.S. Copyright Act of 1976, as amended, 17 U.S.C. § 101, *et seq*;

2.      Enter a permanent injunction ordering Defendant and each of their respective agents, officers, employees, representatives, successors, assign, attorneys and all other persons acting for, or on behalf of, Defendant, or in concert or participation with Defendant, be preliminarily and permanently enjoined from reproducing, distributing, publicly performing by any means including but not limited to digital transmission, or preparing derivative works based on, or in any other way using FPM's Copyrighted Music;

3.      Order that FPM be awarded, at its election, all damages caused by the acts forming the basis of this Complaint, including without limitation an award of statutory damages pursuant

to 17 U.S.C. § 504 and actual damages in an amount not readily ascertainable but believed to be in excess of Four Million Five Hundred Thousand Dollars ($4,500,000);

    4.    Order that Defendant be required to pay to FPM the costs of this action and FPM's reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

    5.    Order that Defendant be required to pay to FPM prejudgment interest at the statutory rate; and

    6.    Grant all such other and further relief to FPM as the Court may deem just and appropriate.

## **DEMAND FOR JURY TRIAL**

FPM requests a trial by jury on all issues so triable.

Dated: Lake Success, NY
       July 24, 2025

                                         ABRAMS FENSTERMAN, LLP

                                   By: _____
                                       Seth L. Berman, Esq.
                                       3 Dakota Drive, Suite 300
                                       Lake Success, New York 11042
                                       (516) 328-2300
                                       sberman@abramslaw.com
                                       Attorneys for Plaintiff